IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| JAY DONALD WITKOWSKI,<br><br>        Petitioner,<br>vs.<br><br>JIM SALMONSEN AND THE ATTORNEY GENERAL OF MONTANA,<br><br>        Respondents. | Cause No. CV 23-71-GF-BMM-JTJ<br><br>ORDER |

This matter comes before the Court on Petitioner Jay Donald Witkowski's Petition for a Writ of Habeas Corpus. (Doc. 1.) The Court previously directed Witkowski to show cause why his petition should not be dismissed as time-barred. (Doc. 9.) Witkowski responded. (Doc. 11.) The petition will be dismissed.

## I.  Preliminary Review

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts.  A petitioner "who is able to state facts showing a real possibility

1

of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II. Background

Witkowski was sentenced on February 22, 2018, in Montana's Seventeenth Judicial District Court, Valley County, for Aggravated Kidnapping. The Court laid out Witkowski's procedural history in its prior Order and concluded that he should have filed his petition by April 23, 2019. Witkowski filed his federal petition on November 13, 2023.

## III. Analysis: Federal Statute of Limitations

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1), Witkowski's federal petition had to be filed within one year of the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The Court explained to Witkowski that he could show cause for the delay in one, two, or all three of the following ways:

1. He might show that the analysis above is incorrect, and the claim is not untimely;

2. He might show that he has been pursuing his rights diligently, but an

        extraordinary circumstance stood in his way and prevented him from filing on time, *Holland v. Florida*, 560 U.S. 631, 649 (2010);

3. He might show that his untimeliness should be excused because he has new evidence to prove that, more likely than not, no reasonable fact-finder could find him guilty beyond reasonable doubt, *McQuiggin v. Perkins*, 569 U.S. 383, 387 (2013). (This test is commonly called the "actual innocence" gateway.)

Witkowski suggests reasons under each of these approaches.

**1. Filing Deadline**

First, Witkowski misunderstands the statute of limitations, as explained in the prior Order, and asserts that he has a year to file his federal petition after exhausting his state remedies. (Doc. 11 at 3.) This assertion is a simple mistake of the law and does not excuse Witkowski's late filing. An untimely state petition does not toll the federal statute of limitations. *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005).

**2. Equitable tolling**

Equitable tolling requires that a petitioner has been pursuing his rights diligently, but an extraordinary circumstance stood in his way and prevented him from filing on time. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Witkowski seeks tolling for two reasons. First, Witkowski focuses on his lack of legal counsel. Witkowski alleges that his counsel did not advise him about his right to appeal, and thus, the intervening years were spent trying to complete his direct appeal. (Doc. 11 at 1.) Witkowski also lacks legal knowledge and has not understood how to

proceed with his cases. (Doc. 11 at 2 – 3.)

In the Ninth Circuit, lack of legal counsel is not considered an extraordinary circumstance that entitles a petitioner to equitable tolling. *See, e.g., Baker v. Cal. Dep't of Corr.*, 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of legal knowledge, and need for some assistance ...are not extraordinary circumstances to warrant equitable tolling ...."); *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Roy v. Lampert,* 465 F.3d 964, 970 (9th Cir.2006) ("[W]e have never accepted *pro se* representation alone ... as an excuse for prolonged inattention when a statute's clear policy calls for promptness.") (quoting *Johnson v. United States,* 544 U.S. 295, 311 (2005)); *Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009) (equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n. 4 (9th Cir. 2009)("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Witkowski's lack of legal knowledge does not excuse his untimely filing.

Witkowski also asserts that he suffers from learning disabilities, mental health disorders, and limited access to legal materials. "A petitioner seeking equitable tolling on the grounds of mental incompetence must show extraordinary

4

circumstances, such as an inability to rationally or factually personally understand the need to timely file, or a mental state rendering an inability personally to prepare a habeas petition and effectuate its filing." *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015). Witkowski has not made this showing.

The Montana Supreme Court, in denying Witkowski's petition to file an out-of-time appeal of the conviction at issue here, noted that he had managed to file a late pro se appeal in another case two years before, shortly after his conviction in this case. *State v. Witkowski*, DA 20-0528 (unpub.), (Mont. Nov. 10, 2020). Witkowski clearly was able to file petitions and understood the importance of timely doing so. Witkowski's assertion now that he could not have done the same in this matter is not persuasive.

Normal prison limitations on law library access do not warrant equitable tolling. See, *Ramirez v. Yates*, 571 F. 3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on Ramirez's access to the law library and copier…were neither 'extraordinary' nor made it impossible for him to file his petition in a timely manner."); *Frye v. Hickman*, 273 F. 3d 1144, 1146 (9th Cir. 2001) (recognizing that a lack of access to library materials does not automatically qualify as grounds for equitable tolling.). The Court concludes that Witkowski has not established that an extraordinary circumstance prevented him from filing on time, despite his diligence.

### 3. Actual innocence

Finally, Witkowski contends that no reasonable factfinder would find him guilty beyond a reasonable doubt, because there was no video from the jail on the day of the events underlying his conviction. (Doc. 11 at 2.) He asserts that there was prosecutorial misconduct or *Brady* violations because the prosecution never told the defense that there was no video. He contends that he is thus eligible for the "actual innocence gateway." *Id.*

Where it exists, "actual innocence" excuses both procedural default and failure to comply with the federal limitations period. *Bousley v. U.S.*, 523 U.S. 614, 623-24 (1998); *McQuiggin v. Perkins*, 569 U.S. 383 (2013). As used here, "actual innocence" means "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[I]n this regard . . . 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. All evidence must be considered, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 328 (internal quotation marks omitted).

Witkowski pled guilty on the charge. (Doc. 1 at 3.) "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the

offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *see also United States v. Caperell*, 938 F. 2d 975, 977 (9*th* Cir. 1991) (a guilty plea generally waives all claims of a constitutional nature occurring before the plea.) "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilty and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569 (1989).

Witkowski's claims related to the lack of video from the jail as a *Brady* violation are unavailing. (Doc. 11 at 2.) This claim goes to the evidence that the State could or could have not provided at trial, but Witkowski stated in open court that he was guilty of the crime, making the Court's evidence immaterial. Learning belatedly, as he alleges, that the State did not have video evidence does nothing to contradict what he said in his plea colloquy. Witkowski has raised several points to assert his actual innocence, but none is sufficient to overcome his plea.

Finally, Witkowski argues that his sentence was incorrect. (Doc. 11 at 4.) He raises state law statutory arguments that are not available on federal habeas review. The length of his sentence is not relevant to a claim of actual innocence.

### IV. CONCLUSION

Witkowski's response to the Court's Order to Show Cause fails to overcome

the requirement that his Petition be timely filed. The petition will be dismissed.

## V. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Witkowski has slept on his rights, no reasonable jurist would conclude this matter should be encouraged to proceed further. A certificate of appealability will be denied.

Accordingly, it is HEREBY ORDERED:

1. Witkowski's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

2. The clerk shall enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Witkowski files a notice of appeal.

**DATED** this 3rd day of April, 2024.

_____
Brian Morris, Chief District Judge
United States District Court